# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:14-CR-00120- |
| § | ALM-AGD |
| MICHAEL DEWAYNE HOLINESS (1) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Michael Dewayne Holiness' ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 9, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Marisa Miller.

On January 14, 2015, this case was reassigned to The Honorable Amos L. Mazzant III, U.S. District Judge for the Eastern District of Texas. Defendant was sentenced on June 2, 2015, before Judge Mazzant after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months. Defendant was subsequently sentenced to 105 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse aftercare, mental health aftercare, and a $100 special assessment. On May 6, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

On October 11, 2022, Defendant's term of supervised release was revoked by the Court for possessing marijuana, unemployment, and failing to report for drug testing. Defendant was sentenced to 7 months imprisonment followed by a 2-year term of supervised release subject to standard conditions of release, plus special conditions to include substance abuse aftercare, financial disclosure for employment purposes, and mental health treatment. On April 19, 2023, Defendant completed his period of imprisonment and began service of the supervision term. On February 27, 2024, Defendant's conditions of supervision were modified to include taking any mental health medication as prescribed by his treating physician.

On April 2, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #75, Sealed). The Petition asserts that Defendant violated the following conditions: (1) <u>Mandatory Condition</u>: Defendant shall not unlawfully possess a controlled substance. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court; (2) <u>Standard Condition</u>: Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons; and (3) <u>Special Condition</u>: Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer. (Dkt. #75 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On May 15, 2023, Defendant submitted a urine specimen at DBACS drug and alcohol testing in Mt. Pleasant, Texas which was positive for cocaine. The sample was confirmed positive by Abbott Labs. On February 8, 2024, Defendant submitted a urine specimen at the Texarkana Supervision Office which was

positive for cocaine and marijuana. The sample was confirmed positive by Abbott Labs. On February 15, 2024, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine Services, in Paris, Texas which was positive for marijuana and cocaine. The sample was confirmed positive by Abbott Labs. On February 18, 2024, Defendant was seen at Christus Mother Frances Hospital in Sulphur Springs, Texas and admitted to using marijuana and crack cocaine. On February 21, 2024, Defendant admitted via text message to his probation officer to using the controlled substances on or about February 18, 2024. On March 15, 2024, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine Services, in Paris, Texas which was positive for marijuana and cocaine. The sample was confirmed positive by Abbott Labs. On March 18, 2024, Defendant admitted via text message to his probation officer to using marijuana approximately one week prior to his drug test; (2) Since being released from the Bureau of Prisons, Defendant has failed to obtain full-time employment; and (3) Defendant failed to submit a urine sample as directed on February 2, 2024, at Texas and Oklahoma Occupational Medicine Services, in Paris, Texas. (Dkt. #75 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation #1 of the Petition. Having considered the Petition and the plea of true to allegation #1, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for an additional term of imprisonment of eighteen (18) months, with no term of supervised release to follow.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in Texarkana, Texas, if appropriate.

**SIGNED this 29th day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE